UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-15-3

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:15CR 195 (JBA) |
| v. | VIOLATIONS: |
| MOHSEN YOUSSEF | 18 U.S.C. Section 1341 (Mail Fraud) |
| | 18 U.S.C. Section 1343 (Wire Fraud) |
| | 18 U.S.C. Section 1344 (Bank Fraud) |

INDICTMENT

The Grand Jury charges:

GENERAL ALLEGATIONS

The Defendant and Relevant Entities

At all relevant times, unless otherwise specified:

1.    The defendant, MOHSEN YOUSSEF, was a resident of Vernon, Connecticut.

2.    Amoun Pita & Distribution LLC ("Amoun Pita") was a company registered with the State of Connecticut on September 30, 2010, with YOUSSEF as its sole member. Amoun Pita was later dissolved. On May 7, 2013, Amoun 361 LLC was registered with the State of Connecticut, with YOUSSEF as its sole member and with the same business address as Amoun Pita. According to its business plan, Amoun Pita was a bakery that manufactured pocket pita bread from a production facility in South Windsor, Connecticut.

3.    Rhetts LLC ("Rhetts") was a truck repair company purchased by YOUSSEF in approximately March 2013. Rhetts was registered with the State of

1

Connecticut with YOUSSEF as its sole member and with the same business address as Amoun Pita.

4.     The Internet domain amounpita.com was established through an account in YOUSSEF's name on or about December 12, 2011, via a commercial web hosting company headquartered in Utah.   The same account also registered the domains amounpitaaccountmanager.com and amounfoods.com.   The servers on which e-mails associated with these domains resided were in Utah.

5.     O.S. International, Inc. ("O.S. International") was a company registered with the Commonwealth of Virginia.   As of September 2013, O.S. International used the same business address as Amoun Pita and Rhetts in South Windsor, Connecticut.

6.     The Department of Economic and Community Development ("DECD") was a Connecticut state agency responsible for attracting and retaining businesses and jobs, revitalizing neighborhoods and communities, and fostering appropriate development in Connecticut's towns and cities.

7.     Wells Fargo Bank N.A. ("Wells Fargo") was a bank headquartered in Sioux Falls, South Dakota, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").   Wells Fargo Equipment Finance, Inc. ("WFEF") was the trade name for certain equipment leasing and finance businesses of Wells Fargo and its subsidiaries.   WFEF was a wholly-owned subsidiary of Wells Fargo.

8.     Summit Funding Group, Inc. ("Summit") was a corporate leasing and vendor finance company based in Mason, Ohio.   It provided, among other things,

equipment lease and financing products to manufacturers.

9.      People's United Bank ("People's United") was a bank headquartered in Bridgeport, Connecticut, whose deposits were insured by the FDIC.

10.     Pacific Western Bank ("PacWest") was a bank headquartered in Los Angeles, California, whose deposits were insured by the FDIC.  Pacific Western Equipment Finance ("PWEF") was a division of PacWest, whose assets were owned by PacWest.  PWEF principally provided businesses with equipment financing and leasing.

11.     Lakeland Bank ("Lakeland") was a bank headquartered in Oak Ridge, New Jersey, whose deposits were insured by the FDIC.

12.     Signature Bank ("Signature") was a bank headquartered in New York New York, whose deposits were insured by the FDIC.  Signature Financial LLC ("SigFi") was a subsidiary of Signature, whose assets were owned by Signature. SigFi provided, among other things, equipment leases and loans.

<u>The Scheme to Defraud</u>

13.     Between in or about October 2011 and continuing through the date of this Indictment, in the District of Connecticut and elsewhere, YOUSSEF and others known and unknown to the Grand Jury devised and intended to devise a scheme and artifice (1) to defraud Wells Fargo, People's United, PacWest, Lakeland, and Signature (the "victim financial institutions") and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses,

representations, and promises; and (2) to defraud DECD and Summit (the "victim non-bank lenders") and to obtain money and property of the victim non-bank lenders by means of false and fraudulent pretenses, representations, and promises. Specifically, YOUSSEF and others obtained equipment financing and lease arrangements for Amoun Pita, Rhetts, and O.S. International from the victim financial institutions and the victim non-bank lenders based upon false and fraudulent representations about the financial health of YOUSSEF and YOUSSEF's companies and YOUSSEF's intention to use the borrowed funds to purchase actual business-related equipment.

<u>Manner and Means</u>

The manner and means utilized to accomplish the object of the scheme and artifice to defraud included, among other things, the following:

14.    YOUSSEF applied for and caused others to apply for loans, lines of credit, lease financing, and grants with the stated purpose of financing the acquisition of new pita manufacturing equipment, other machinery, and inventory related to YOUSSEF's businesses.

15.    In support of these applications, YOUSSEF provided or caused others to provide financial data and supporting documentation that falsely inflated the assets and income of YOUSSEF and his companies, including false bank statements; tax returns that falsely inflated business revenues and assets; and applications with false statements of assets and income.

4

16.   In some cases, YOUSSEF provided or caused others to provide the victim financial institution or victim non-bank lender with a fraudulently created invoice purporting to document the purchase of equipment.  In truth, the orders documented by these invoices did not occur, and in many cases the vendors purportedly selling the equipment did not exist.  In order to induce the victims to rely on these invoices, YOUSSEF created marketing materials and websites for the non-existent vendors.

17.   In many cases, the victim financial institution or victim non-bank lender approved YOUSSEF's financing application and disbursed funds to one of YOUSSEF's companies or to one of the non-existent vendors.  YOUSSEF created several bank accounts in the name of Mystic Corporation, each with a "d/b/a" of one of the non-existent vendors, making the victims believe they were paying directly for the financed equipment.  YOUSSEF then transferred the money from the Mystic Corporation accounts either to a company account under his control or to his own personal account.

<u>COUNTS 1-2</u>
(Wire Fraud: DECD)

18.   Paragraphs 1-17 are reincorporated as though fully set forth herein.

19.   Among other programs, DECD administered the Small Business Express Program ("SBE"), which provided loans and grants to small businesses in Connecticut to spur job creation and growth.  The SBE included a "Job Creation Loan Fund" and a "Matching Grant Fund."  In order to be eligible for an SBE matching grant, a business had to show funds equal to the requested grant that

would be invested in the proposed project for which the grant was sought.

20.     On or about July 9, 2012, YOUSSEF submitted an SBE application to DECD on behalf of Amoun Pita, specifically for a job creation loan of $300,000 and a matching grant of $100,000.   The application proposed to create jobs through company growth.   YOUSSEF represented to DECD in subsequent communications that the requested funds would be used to purchase manufacturing equipment.

21.     It was further part of the scheme and artifice to defraud the victim non-bank lenders and to obtain money and property by means of false and fraudulent pretenses, promises, and representations that in order to secure the SBE loan and matching funds, which were disbursed by DECD on November 23, 2012, YOUSSEF made several false and fraudulent representations to DECD regarding the financials of YOUSSEF and Amoun Pita, including with regard to revenues, expenses, assets, and bank balances.

22.     For the purpose of executing the aforesaid scheme and artifice to defraud, on or about the dates listed below, in the District of Connecticut and elsewhere, YOUSSEF did knowingly cause to be transmitted in interstate commerce by means of wire communication the following signs, signals, and sounds, each of which is a separate count of this Indictment:

| Count | Date | Description |
|-------|------|-------------|
| 1 | July 26, 2012 | E-mail from YOUSSEF, via a computer server in Utah, to an employee of DECD in Connecticut, falsely verifying that Amoun Pita had $100,000 in cash to support its application for the SBE matching grant. |

| Count | Date | Description |
|-------|------|-------------|
| 2 | Nov. 15, 2012 | E-mail from YOUSSEF, via a computer server in Utah, to an employee of DECD in Connecticut, attaching a falsified bank statement showing an average balance of over $200,000 in Amoun Pita's business bank account in October 2012, when in fact that bank account had an average balance of $33.62. |

All in violation of Title 18, United States Code, Section 1343.

COUNTS 3-5
(Bank Fraud: Wells Fargo)

23.    Paragraphs 1-17 are reincorporated as though fully set forth herein.

24.    Between in or about August 2012 and November 2013, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses, representations and promises, in the District of Connecticut and elsewhere, YOUSSEF fraudulently obtained funds owned by and under the custody and control of Wells Fargo, based on false and fraudulent representations to Wells Fargo and WFEF, involving three separate financing transactions, each of which is a separate count of this Indictment, as follows:

| Count | Approx. Date of Loan | Approx. Amount | Misrepresentations |
|-------|----------------------|----------------|--------------------|
| 3 | Feb. 2013 | $680,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Amoun Pita, and falsely claiming that Amoun Pita would and did make a down payment on the equipment being financed. |

| Count | Approx. Date of Loan | Approx. Amount | Misrepresentations |
|-------|----------------------|----------------|--------------------|
| 4 | May 2013 | $596,800 | False and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Amoun Pita, including financial records falsely claiming to be verified by a well-known auditing firm, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment being financed. |
| 5 | Nov. 2013 | $250,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Amoun Pita, including financial records falsely claiming to be verified by a well-known auditing firm, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment being financed. |

All in violation of Title 18, United States Code, Section 1344.

<u>COUNTS 6-7</u>
(Bank Fraud: People's United)

25.     Paragraphs 1-17 are reincorporated as though fully set forth herein.

26.     Between in or about July 2012 and September 2013, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses, representations, and promises, in the District of Connecticut and elsewhere, YOUSSEF fraudulently obtained (through lines of credit or "LOCs")

funds owned by and under the custody and control of People's United, based on false and fraudulent pretenses, representations, and promises, involving two separate LOCs, each of which is a separate count of this Indictment, as follows:

| Count | Approx. Date of LOC | Approx. Date(s) LOC Drawn Down | Amount | Misrepresentations |
|---|---|---|---|---|
| 6 | Sept. 2012 | Sept. 2012 June 2013 | $50,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Amoun Pita, and regarding intent to build inventory for Amoun Pita with LOC funds. |
| 7 | Sept. 2013 | Sept. 2013 | $100,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Rhetts, the length of time YOUSSEF owned Rhetts, and regarding intent to purchase inventory for Rhetts with LOC funds. |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 8
### (Attempted Bank Fraud: PacWest)

27.     Paragraphs 1-17 are reincorporated as though fully set forth herein.

28.     In or about November 2013, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses, representations, and promises, in the District of Connecticut and elsewhere,

YOUSSEF fraudulently attempted to obtain loaned funds owned by and under the custody and control of PacWest, based on false and fraudulent representations to PacWest and PWEF, to wit, YOUSSEF fraudulently attempted to induce PacWest and PWEF to provide lease financing in the amount of $1,700,000 for pita manufacturing equipment by providing false and misleading representations regarding the revenue, income, assets, and other financial information related to YOUSSEF and Amoun Pita, and by providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website, promotional material, and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with PacWest funds.

All in violation of Title 18, United States Code, Section 1344.

### COUNT 9
(Mail Fraud: Summit)

29.    Paragraphs 1-17 are reincorporated as though fully set forth herein.

30.    It was further part of the scheme to defraud the victim non-bank lenders and to obtain money and property by means of false and fraudulent pretenses, promises, and representations that in or about July 2014 YOUSSEF induced fraudulently, and aided and abetted and caused others to induce fraudulently, Summit to disburse $420,000 to O.S. International for the financing of bakery equipment, which funds were actually disbursed on July 28, 2014, based upon false and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and by providing a false invoice from a non-existent equipment manufacturing company (backed by a

10

sham website, promotional material, and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Summit funds.

31.    On or about July 23, 2014, for the purpose of executing the aforesaid scheme and artifice, YOUSSEF did knowingly cause to be delivered, and aided and abetted others to cause to be delivered, via a private and commercial interstate carrier, to wit FedEx, an Incumbency Certificate for O.S. International from Connecticut to Summit in Ohio.

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNTS 10-12<br>(Bank Fraud: Lakeland)

32.    Paragraphs 1-17 are reincorporated as though fully set forth herein.

33.    In or about March and April 2014, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses, representations, and promises, in the District of Connecticut and elsewhere, YOUSSEF fraudulently obtained funds owned by and under the custody and control of Lakeland, based on false and fraudulent representations to Lakeland, to wit, YOUSSEF fraudulently induced, and aided, abetted, and caused others to induce, Lakeland to provide lease financing for three separate transactions, each of which is a separate count of this Indictment, as follows:

| Count | Approx. Date of Financing | Approx. Amount | Misrepresentations |
|---|---|---|---|
| 10 | Apr. 3, 2014 | $160,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website, promotional material, and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Lakeland funds. |
| 11 | Apr. 10, 2014 | $160,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website, promotional material, and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Lakeland funds. |
| 12 | Apr. 23, 2014 | $140,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website, promotional material, and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Lakeland funds. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 13-14
### (Bank Fraud: Signature)

34. Paragraphs 1-17 are reincorporated as though fully set forth herein.

35. Between in or about April and August 2014, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds,

credits, assets, securities, and other property owned by, and under the custody and control of, the victim financial institutions by means of false and fraudulent pretenses, representations, and promises, in the District of Connecticut and elsewhere, YOUSSEF fraudulently obtain funds owned by and under the custody and control of Signature, based on false and fraudulent representations to Signature and SigFi, to wit, YOUSSEF fraudulently induced, and aided, abetted, and caused others to induce, Signature to provide lease financing for two separate transactions, each of which is a separate count of this Indictment, as follows:

| Count | Approx. Date of Financing | Approx. Amount | Misrepresentations |
|---|---|---|---|
| 13 | May 2014 | $145,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Signature funds. |
| 14 | August 2014 | $355,000 | False and misleading representations regarding the revenue, income, assets, and other financial information related to O.S. International, and providing a false invoice from a non-existent equipment manufacturing company (backed by a sham website and office phone number created by YOUSSEF) purporting to evidence the purchase of the equipment to be financed with Signature funds. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

A TRUE BILL

/S/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY