UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA			CRIMINAL NO. 3:15CR195(JBA)

v.

MOHSEN YOUSSEF				June 20, 2017

## OPPOSITION TO MOTION FOR RELEASE ON BOND

The defendant, Mohsen Youssef, has filed a motion to reopen his detention hearing and to be released on bond. *See* Doc. No. 36. The Government's position remains that detention is warranted because there is no condition or combination of conditions that will reasonably assure the defendant's appearance in court as ordered.

The upcoming hearing will be the defendant's fourth appearance in court to contest his detention. At each of the previous hearings, the Government has argued that Mr. Youssef already has fled the United States once (in 2014) to avoid criminal prosecution, and that he remains a flight risk. The circumstances surrounding Mr. Youssef's prior departure from the United States are laid out in the Government's prior submissions to the Court. *See* Docs. 23, 27.

The defendant now contends that the calculus has changed. Specifically, he has submitted an affidavit from an Egyptian lawyer which, the defendant asserts, proves that he is no longer an Egyptian citizen and hence that he presently is unable to obtain an Egyptian passport or other travel document. *See* Doc. 36, Ex. A. The Government continues to dispute that assertion. The Egyptian Consulate's letter,

1

dated May 15, 2017, indicates that Mr. Youssef made a *request* to renounce his citizenship and that his request would be forwarded for a decision "to the competent authorities in Egypt." Doc. 26, Ex. A. The defendant's request still has not been approved or denied. Apparently, the review process takes a number of months. Hence, as of today, Mr. Youssef remains an Egyptian citizen. Nothing in the affidavit filed by the defendant contradicts that commonsense conclusion. The statement in the affidavit that a person who renounces his citizenship "will not be an Egyptian national as of the date on which s/he requests or acknowledges the forfeiture of nationality," Doc. 36, Ex. A, can only refer to a *retroactive* effect. In other words, if a request ultimately is approved, the renunciation applies retroactively back to the date the request was made. Otherwise, the months-long review process would be meaningless. Indeed, if Mr. Youssef lost his citizenship immediately upon making his request, presumably that would have been reflected in the Egyptian Consulate's letter.

The Court was correct when it stated, at the conclusion of the hearing on May 23, 2017, that it would await proof from the Egyptian government as to the finality of the defendant's renunciation of his citizenship. That proof still has not been provided, and in its absence, it would be improper to rely on an affidavit from a foreign lawyer who has not been qualified as an expert in Egyptian immigration law and will not be available for cross-examination.

If the defendant is released from custody today, there is nothing to stop him from appearing tomorrow at the Egyptian Consulate with his birth certificate (his

Egyptian passport having been surrendered) and applying for a new travel document. That is because he remains an Egyptian citizen. Nor is there anything to prevent him from attempting to cancel the citizenship renunciation process. As such, and especially in light of his previous flight from the United States, he presents a serious flight risk. Accordingly, the Government respectfully requests that the Court continue to deny the defendant's motion for release on bond.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
avi.m.perry@usdoj.gov
203-821-3700
Fax: 203-773-5377
Federal Bar No. phv07156

CERTIFICATE OF SERVICE

      This is to certify that on May 20, 2017, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY